## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SERVPRO INTELLECTUAL PROPERTY, INC. and SERVPRO INDUSTRIES, INC., | ) ) ) ) | CIVIL ACTION NO.:_____ |
| Plaintiffs, | ) ) | |
| v. | ) ) | JUDGE _____ |
| RYTECH OF SWLA; SERVCO OF SWLA, LLC; RAPID RESPONSE RESTORATION & CONSTRUCTION, LLC; and RAY WRIGHT D/B/A SERVCO OF SWLA, | ) ) ) ) ) ) | MAGISTRATE JUDGE _____ |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Servpro Intellectual Property, Inc. and Servpro Industries, Inc. (collectively "Servpro") file this complaint for breach of contract, trademark infringement, and unfair competition against Rytech of SWLA; Servco of SWLA, LLC; Rapid Response Restoration, LLC; and Ray Wright D/B/A, Servco of SWLA (collectively "Defendants") and state as follows:

## PARTIES

1.

Servpro Intellectual Property, Inc. and Servpro Industries, Inc. both have their principal place of business at 801 Industrial Boulevard, Gallatin, Tennessee 37066.

1

<u>RAPID RESTORATION</u>

2.

Upon information and belief, Rapid Response Restoration, LLC ("Rapid Restoration") is a company organized under the laws of the State of Louisiana.

3.

Upon information and belief, Rapid Restoration is comprised of two entities formerly organized under the laws of the State of Louisiana but no longer active; those entities are Servco of SWLA, LLC ("Servco 1") and Servco Restoration, LLC ("Servco 2").

4.

Upon information and belief, Servco 1's place of business was 2577 Highway 190 West, Deridder, Louisiana 70634 before it was merged with Servco 2 on or around February 13, 2008.

5.

Upon information and belief, the active agent behind Servco 1 was Ray Wright (hereinafter "Wright").

6.

Upon information and belief, Servco 2's place of business was 2306 East Burton Street, Sulphur, Louisiana 70663, before it was renamed to Rapid Restoration on or around April 1, 2009.

7.

Upon information and belief, the active agent behind Servco 2 was Wright.

8.

Upon information and belief, Rapid Restoration's place of business is 2306 East Burton Street, Sulphur, Louisiana 70663, and its mailing address is P.O. Box 4890, Lake Charles, Louisiana 70606.

2

9.

Wright is the registered agent for Rapid Restoration.

10.

Upon information and belief, Wright is the active agent behind Rapid Restoration.

11.

Upon information and belief, in or around February 2016, Rapid Restoration began doing business as Rytech of SWLA but did not change its registered name with the Louisiana Secretary of State.

RAPID CONSTRUCTION

12.

Upon information and belief, Rapid Response Restoration & Construction, LLC ("Rapid Construction") is a company organized under the laws of the State of Louisiana.

13.

Wright is the registered agent for Rapid Construction.

14.

Upon information and belief, in or around February 2016, Rapid Construction began doing business as Rytech of SWLA but did not change its registered name with the Louisiana Secretary of State.

15.

Upon information and belief, Wright is the president of Rapid Restoration and Rapid Construction.

3

16.

Upon information and belief, Wright is the active agent behind Rapid Construction.

RYTECH

17.

Upon information and belief, Rytech of SWLA ("Rytech") is an unincorporated entity operating in Louisiana but not organized under the laws of the State of Louisiana.

18.

Upon information and belief, Rytech's principal place of business is 2306 East Burton Street, Sulphur, Louisiana.

19.

Upon information and belief, Rytech's telephone numbers include 337-626-3725, 337-516-2202, and 337-516-2200.

20.

Upon information and belief, Rytech's website is http://rytechofswla.com/.

21.

Upon information and belief, Wright is the active agent behind Rytech.

WRIGHT

22.

Upon information and belief, Ray Wright ("Wright") is a person doing business as Servco 1 and Servco 2.

23.

Upon information and belief, Wright is the active agent behind Rytech, Rapid Restoration, Rapid Construction, and the entity doing business as Servco of SWLA.

4

24.

Since "Servco of SWLA, LLC" (Servco 1) is no longer a registered Louisiana company, Wright's conduct of business under the name Servco of SWLA, LLC constitutes a sole proprietorship.

25.

Upon information and belief, Wright's home address is 6728 Bonne Meadow, Lake Charles, Louisiana 70605.

## BACKGROUND

26.

In business since 1967, Servpro Industries, Inc. is one of the world's largest providers of cleanup and restoration products and services.

27.

Servpro Industries, Inc. has more than 1,500 franchisees operating nationwide.

28.

Since 1967, Servpro Industries, Inc. and its franchisees have delivered goods and services under the "SERVPRO" mark to customers.

29.

The services offered by Servpro or its franchises include residential cleaning, commercial cleaning, water damage restoration, fire damage restoration, mold remediation, storm damage restoration, commercial water damage restoration, commercial fire damage restoration, and commercial storm and major event restoration.

30.

Servpro Industries, Inc. and its franchisees have spent millions of dollars in promoting the "SERVPRO" trademark and consumers have purchased billions of dollars of "SERVPRO" goods and services.

31.

Servpro Intellectual Property, Inc. is the owner of many trademarks and trademark registrations for "SERVPRO" variants and derivatives (hereinafter "SERVPRO TRADEMARKS"), more specifically:

a.    Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,845,906 (Exhibit 1 hereto) in connection with "carpet, furniture and drapery cleaning services, services for the restoration of structures and/or contents damaged by fire, water and other catastrophes both indoors and outdoors" for the trademark "SERVPRO";

b.    Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 3,361,893 (Exhibit 2 hereto) in connection with "mold remediation services" for the trademark "SERVPRO";

c.    Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,707,245 (Exhibit 3 hereto) in connection with "cleaning, painting and repairing services in homes, offices and other buildings" for the following mark:



d.      Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,726,156 (Exhibit 4 hereto) in connection with "franchising services; namely, offering assistance in the establishment and/or operation of businesses dealing with cleaning and damage restoration to structures and/or contents" for the following mark:



e.      Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,804,022 (Exhibit 5 hereto) in connection with various cleaning products and equipment for the following mark:



f.      Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 3,368,163 (Exhibit 6 hereto) in connection with "mold remediation services" for the following mark:



7

g.   Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 2,175,467 (Exhibit 7 hereto) in connection with "providing information in the fields of property and casualty insurance on-line, via a web site on a global computer network designed to allow controlled access to proprietary information by franchises and approved agents; providing information, on-line via a global computer network, regarding cleaning and damage restoration of structures and/or their contents; computer services, namely, providing multiple-user access to a global computer network in the field of cleaning and damage restoration of structures and/or their contents and insurance issues relate thereto" for the trademark "SERVPRONET".

h.   Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 3,872,314 (Exhibit 8 hereto) in connection with "Carpet, furniture and drapery cleaning services; restoration of building structures damaged by fire water and other catastrophes both indoors and outdoors; restoration of furniture damaged by fire, water and other catastrophes" for the following mark:



32.

Servpro Industries, Inc. is the exclusive licensee of the SERVPRO TRADEMARKS and has extensively used the SERVPRO TRADEMARKS nationally.

33.

Servpro Industries, Inc. and its franchisees have expended millions of dollars promoting the SERVPRO TRADEMARKS.

34.

Servpro Industries, Inc. and its franchisees have provided billions of dollars' worth of goods and services under the SERVPRO TRADEMARKS.

35.

As a result of this extensive use and promotion of the SERVPRO TRADEMARKS, Servpro has developed significant and extensive good will in the SERVPRO TRADEMARKS nationally.

36.

As a result, the SERVPRO TRADEMARKS are strong and famous throughout the United States.

37.

The SERVPRO TRADEMARKS are well known.

**HISTORY OF INFRINGING ACTIVITY**

38.

Servco 1 and Servco 2 previously offered residential cleaning, commercial cleaning, water damage restoration, fire damage restoration, mold remediation, storm damage restoration, commercial water damage restoration, commercial fire damage restoration, and commercial storm and major event restoration services.

9

39.

In 2008, Servpro sent Servco 2 a letter informing Servco 2 that it was infringing Servpro's trademark rights.  (*See* Exhibit 9.)

40.

As a result, in 2009, Servpro and Servco 2 entered into a settlement agreement (the "Settlement"). (*See* Exhibit 10.)

41.

Wright signed the Settlement on behalf of Servco 2.

42.

The Settlement required Defendants to cease using the name "Servco" within three months.

43.

The Settlement required Defendants to cease using the name "Servco" in telephone and business directories in future editions but allowed Defendants to continue advertising in those directories until such future editions were printed.

44.

The Settlement required Defendants to inform publishers of telephone and business directories of its name change within 10 days.

45.

The Settlement inured to the benefit of and bound Servco 2's successors.

46.

Servco 2 changed its name to Rapid Restoration and then to Rytech but is otherwise the same entity.

10

47.

Wright operates Rytech, which is comprised of Rapid Restoration and Rapid Construction.

48.

Rytech competes directly with Servpro

49.

Rapid Restoration, Rapid Construction, and Rytech offer or offered residential cleaning, commercial cleaning, water damage restoration, fire damage restoration, mold remediation, storm damage restoration, commercial water damage restoration, commercial fire damage restoration, and commercial storm and major event restoration services.

50.

In the 2015-2016 edition of the Lake Charles Yellow Pages, Wright and Rytech advertised their services for "House Cleaning" under the name "ServCo of SWLA LLC".  (*See* Exhibit 11.)

51.

In the 2012-2013 edition of the Lake Charles Yellow Pages, Wright and Rytech advertised their services for "House Cleaning" under the name "ServCo of SWLA LLC".  (*See* Exhibit 12.)

52.

In the 2015 edition of the USAOPPS directory, Wright and Rytech advertised their services for Janitorial, Carpet Celaning [sic], Upholstery Cleaning, Custodial, Hard Surface Floors, Fire Restoration, Smoke Restoration, Water Restoration, Mold Remediation, Trauma Cleaning, and Biohazard Cleaning services under the name "ServCo of SWLA, LLC".  (*See* Exhibit 13.)

53.

Defendants' use of "Servco" is not authorized by Servpro.

54.

Defendants' use of "Servco" is neither fair use nor in good faith.

## JURISDICTION AND VENUE

55.

Subject matter jurisdiction for the trademark infringement and unfair competition claims exists with respect to the claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

56.

Supplemental jurisdiction for the breach of contract claims is proper pursuant to 28 U.S.C. § 1367 because this Court has original jurisdiction over the other claims in this action, and the breach of contract claims are so related to these other claims, and spring from the same set of facts, that they form part of the same case or controversy under Article III of the United States Constitution.

57.

Venue is proper in this Court in accordance with 28 U.S.C. § 1391 because Defendants are located and reside within this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PERSONAL JURISDICTION

58.

The Court has personal jurisdiction over Defendants because Defendants engage in business in Louisiana and are located in Louisiana.

59.

Further, the acts complained of herein occurred in Louisiana.

60.

Similarly, the exercise of personal jurisdiction over Defendants comports with due process requirements of the United States Constitution because: (a) Defendants have purposefully established "minimum contacts" with the State of Louisiana, and (b) the exercise of personal jurisdiction over Defendants will not offend the traditional notions of fair play and substantial justice.

61.

Therefore, this Court has specific and general jurisdiction over Defendants.

## CAUSES OF ACTION

### *Count I - Trademark Infringement*

62.

Servpro realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

63.

Servpro owns the SERVPRO TRADEMARKS.

64.

Servco has infringed and is infringing the SERVPRO TRADEMARKS.

65.

By using "Servco" in business directories, Defendants are likely to create confusion among the consuming public as to source, origin, sponsorship, and/or affiliation to cause confusion in the marketplace of Defendants' services with Servpro's services because "Servco" is confusingly similar to Servpro's SERVPRO TRADEMARKS.

66.

As Rytech, Servco 1 and Servco 2, Rapid Restoration, and Rapid Construction are business entities, their actions, including those of using the SERVPRO TRADEMARKS, are controlled by Wright serving as active agent.

67.

Defendants' conduct relating to the use of the SERVPRO TRADEMARKS is without the permission of Servpro.

68.

Defendants are thus in violation of 15 U.S.C. § 1114 regarding the SERVPRO TRADEMARKS.

69.

Such acts by Defendants cause Servpro irreparable harm as to which Servpro is entitled to a temporary restraining order, preliminary injunction, and permanent injunction under 15 U.S.C. § 1116.

70.

Such acts further cause harm to Servpro as to which Servpro is entitled to recover actual damages as well as the costs of any necessary corrective advertising.

14

71.

Given that Defendants' infringing conduct contrasts with Defendants' obligation under the Settlement to abstain from use of the "Servco" mark, Defendants' conduct is willful.

72.

Given that Defendants' conduct is willful, Servpro is entitled to an accounting of profits, attorneys' fees, and multiplied damages.

### Count II - Unfair Competition

73.

SERVPRO realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

74.

Defendants have no right to use the SERVPRO TRADEMARKS in connection with their goods or services, yet Defendants have passed off their services to the public as if they are the goods or services of Servpro.

75.

By using "Servco" in business directories, Defendants are likely to create confusion among the consuming public as to source, origin, sponsorship, and/or affiliation to cause confusion in the marketplace of Defendants' services with Servpro's services because "Servco" is confusingly similar to Servpro's SERVPRO TRADEMARKS.

76.

As Rytech, Servco, Rapid Restoration, and Rapid Construction are business entities, their actions, including those of using the SERVPRO TRADEMARKS, are controlled by Wright serving as active agent.

77.

Defendants' conduct relating to the use of the SERVPRO TRADEMARKS is without the permission of Servpro.

78.

Defendants are thus in violation of 15 U.S.C. § 1125(a) regarding Servpro's Trademarks.

79.

The Settlement requires the parties to adjudicate any state law claims under the laws of the State of Tennessee.

80.

Defendants' unlawful usurpation of Servpro's rights and property constitutes unfair competition under the common law of Tennessee.

### Count III - Unfair or Deceptive Acts or Practices

81.

SERVPRO realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

82.

Defendants have no right to use the SERVPRO TRADEMARKS in connection with their goods or services, yet Defendants have passed off their services to the public as if they are the goods or services of Servpro.

16

83.

By using "Servco" in business directories, Defendants are likely to create confusion among the consuming public as to source, origin, sponsorship, and/or affiliation to cause confusion in the marketplace of Defendants' services with Servpro's services because "Servco" is confusingly similar to Servpro's SERVPRO TRADEMARKS.

84.

As Rytech, Servco, Rapid Restoration, and Rapid Construction are business entities, their actions, including those of using the SERVPRO TRADEMARKS, are controlled by Wright serving as active agent.

85.

Defendants' conduct relating to the use of the SERVPRO TRADEMARKS is without the permission of Servpro.

86.

The Settlement requires the parties to adjudicate any state law claims under the laws of the State of Tennessee.

87.

Defendants' unlawful usurpation of Servpro's rights and property constitutes unfair or deceptive trade acts or practices under Tenn. Code Ann. § 47-18-104.

### *Count IV – Breach of Contract*

88.

Servpro realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

89.

Servpro and Defendants entered into a contract, defined previously as the Settlement.

90.

The Settlement is controlled by Tennessee law.

91.

The Settlement prohibited the use of the Servco mark by Defendants.

92.

Defendants displayed the Servco mark in telephone and business directories.

93.

Accordingly, Defendants breached the Settlement.

94.

Servpro requests the entry of an injunction barring Defendants from using the Servco mark.

95.

Because the settlement agreement provides for attorneys' fees and costs, Servpro requests judgment in the form of its attorneys' fees and costs for pursuing this action, in an amount to be determined at the conclusion of this case.

96.

Servpro is entitled to attorneys' fees and costs pursuant to the Settlement, Defendants' breach of the Settlement, and Servpro's pursuit of that breach.

**WHEREFORE**, Servpro respectfully prays that this Court grant the following relief:

A.      That the Court enter injunctive relief, ordering that Defendants, as well as its officers, agents, servants, employees, attorneys, successors in interest, and all others in active concert or participation with them, are enjoined and restrained from:

1.      Engaging in any conduct that infringes the SERVPRO TRADEMARKS;

2.      Offering any goods or services using any mark containing the SERVPRO TRADEMARKS;

3.      Offering any goods or services using any mark containing Servpro;

4.      Engaging in any advertising that tends in a false or misleading manner to associate the Defendants' goods or services with Servpro or with Servpro's goods or services;

5.      Using "SERVPRO", "Servpro", "Servco", or any derivations thereof in any domain name, online advertising, search engine optimization, advertisement, directory, or promotional material; and

6.      Engaging in any advertising that tends to adversely affect the public's perception of Servpro or Servpro's goods or services.

B.      That the Court enter preliminary and permanent injunctive relief ordering Defendants, in accordance with 15 U.S.C. § 1116, to file a verified report with this Court within thirty (30) days of the Court's entry of the order for injunctive relief, specifying in detail the manner and form in which Defendants have complied with the injunction and order of this Court;

C.      That the Court award Servpro damages, an accounting of profits, and attorneys' fees and costs, and multiplied damages because of Defendants' willful wrongful conduct, totaling an award of at least $200,000;

D.      A trial by jury as to all issues; and

E.      That the Court award such further relief as is merited under law and equity.

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

By:_____/s/ Brian A. Cowan_____
        Brian A. Cowan
        Louisiana Bar Roll No. 26246
        Ashley G. Gable
        Louisiana Bar Roll No. 35783


        401 Edwards Street, Suite 1000
        Shreveport, Louisiana 71101-5529
        Telephone:  (318) 227-1131
        Facsimile:  (318) 227-1141


PATTERSON INTELLECTUAL PROPERTY LAW, P.C.

Edward D. Lanquist, Jr. (TN BPR 13303; *pro hac vice to be filed*)
Scott M. Douglass (TN BPR 31097; *pro hac vice to be filed*)
Suite 500, Roundabout Plaza
1600 Division Street
Nashville TN 37203
(615) 242-2400
edl@iplawgroup.com
smd@iplawgroup.com

*Attorneys for Plaintiffs Servpro Intellectual Property, Inc. and Servpro Industries, Inc.*

20